IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY SUDLER | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No: |
| v. | : | |
| | : | |
| RECOVERY CENTERS OF AMERICA | : | |
| HOLDINGS, LLC; RECOVERY CENTERS | : | |
| OF AMERICA AT DEVON; and RECOVERY | : | |
| CENTERS OF AMERICA | : | |
| | : | |
|     Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

**I.     INTRODUCTION AND JURISDICTION:**

Plaintiff, Betty Sudler ("Plaintiff"), claims of Defendants, Recovery Centers of America, Holdings, LLC, Recovery Centers of America at Devon, and Recovery Centers of America ("Defendants"), a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.     This action for monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2.     The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§1331 and 1337, and Plaintiff's claims are substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 28 U.S.C. §626(b), Title VII of the Civil Rights Acts of 1964, as Amended, 42 U.S.C. §2000(e), et seq. ("Title VII"), as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981").

3. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims of Age and Race discrimination, as well as retaliation, arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

4. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on April 6, 2021, and this action has been commenced within ninety (90) days of its issuance. More than one (1) year has expired since the Plaintiff filed her Charge of Discrimination with the Commonwealth of Pennsylvania Human Relations Commission.

5. At all times material herein, the Defendants have been a "person" and "employer" as defined under the ADEA, Title VII, §1981, and the PHRA, and have been, and are subject to, the provisions of each said Act.

### III. PARTIES

6. Plaintiff, Betty Sudler, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2942 Cecil B. Moore Avenue, Philadelphia, Pennsylvania.

7. Defendants, Recovery Centers of America Holdings, LLC, Recovery Centers of America at Devon, and Recovery Centers of America are corporations duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 2701 Renaissance Boulevard, King of Prussia, Pennsylvania. At all times relevant hereto, Plaintiff was either jointly or individually employed by Defendants.

8. At all times relevant hereto, the Defendants were acting through their agents, servants, and employees, who were authorized and acting within the scope of their authority, course of their employment and under the direct control of Defendants.

## IV. STATEMENT OF CLAIMS

9. The Plaintiff, was employed by Defendants as an Admission Coordinator from on or about August 28, 2017, until on or about August 21, 2018, when she was terminated as a result of the unlawful employment practices complained of herein. Plaintiff, who is African-American, was sixty-one years of age at the time of her termination.

10. Throughout her employment with the Defendants, Plaintiff performed her job function in a dutiful and competent manner.

11. During the course of Plaintiff's employment, she was subjected to various instances of age and race-based harassment and discrimination by her supervisor, Allison Picco, and other co-workers, which created an intolerable, hostile, and offensive working environment. Plaintiff was the oldest and only African-American employee in her department.

12. In connection thereto, beginning in early 2018, Picco began to make derogatory comments to Plaintiff regarding her age, and the age of other older employees, to the effect that she did not like to work with older individuals, "preferred" working with younger people and that older employees were "more problematic." Moreover, Picco made racially-derogatory comments as well, including, but not limited to, stating that she always had "problems" working with "you people."

13.     In addition, Picco made threatening statements towards Plaintiff and other African-Americans by repeatedly referring to herself as the "head bitch" and solicited other employees to make false claims against Plaintiff in order to attempt to substantiate a basis for her discharge.

14.     Plaintiff resisted an opposed the aforesaid discriminatory and harassing practices and registered a complaint with Steve Wicke, Defendant's Chief Executive Officer regarding these occurrences.

15.     Instead of conducting a thorough investigation and causing the aforesaid acts of discrimination to cease and desist, the harassment of Plaintiff only intensified. Moreover, Plaintiff was subjected to retaliation for opposing the aforesaid discriminatory practices.

16.     In connection thereto, plaintiff was subjected to other acts of discrimination and retaliation, such as being required to prove that she had a Master's degree while a similar situated Caucasian employee only had to produce a high school diploma.

17.     Furthermore, unlike Plaintiff, other similarly situated younger Caucasian employees, were spoken to in a professional manner, given leniency in work completion, received no criticisms regarding leaving their jobs during working hours and were given shift preferences.

18.      Plaintiff was also subjected to retaliation for having registered a complaint regarding other employees speaking to her in a derogatory and harassing manner.

19.     Although Plaintiff requested that Defendants' Management investigate and remediate these occurrences on more than one occasion, no actions were taken to cause this conduct to cease and desist.

20. On yet another occasion, Plaintiff was yelled at by another younger Caucasian female who was also not reprimanded for her actions. To the contrary, when Plaintiff brought the aforesaid discriminatory occurrences to Human Resources, she was disciplined.

21. On or about August 22, 2018, Plaintiff was required to leave work to receive medical attention.

22. Although Plaintiff received approval to leave work for this reason, she was terminated the next day, on August 23, 2018, for allegedly leaving without permission. The reason asserted for Plaintiff's termination was pretext for discrimination and retaliation.

23. Plaintiff believes and therefore avers that she was subjected to discrimination on the basis of her race and age, which included being subjected to differential disparate standards of treatment and a hostile working environment, and was ultimately terminated in retaliation for her opposing the aforesaid discriminatory practices.

## COUNT I
## (ADEA)

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as fully set forth at length herein.

25. The actions of the Defendant through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of her employment, in subjecting her to a hostile work environment and in terminating Plaintiff's employment because of her Age and in retaliation for opposing discrimination in the workforce, constituted a violation of ADEA.

26. The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of the ADEA.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT II
### (TITLE VII – Race Discrimination)

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint fully set forth at length herein.

29. The actions of the Defendant through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of her employment, in subjecting her to a hostile work environment and in terminating Plaintiff's employment because of her Race and in retaliation for opposing discrimination in the workforce, constituted a violation of Title VII.

30. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, the Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future

earning power, plus back pay, and front pay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress.

## COUNT III
## (§1981)

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint fully set forth at length herein.

33. The actions of the Defendant through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of her employment, in subjecting her to a hostile work environment and in terminating Plaintiff's employment because of her Race and in retaliation for opposing discrimination in the workforce, constituted a violation of §1981.

34. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

35. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of §1981, the Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress.

## COUNT IV
## (PHRA)

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as fully set forth at length herein.

37.	The actions of the Defendant through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of her employment, in subjecting her to a hostile work environment and in terminating Plaintiff's employment because of her Race and in retaliation for opposing discrimination in the workforce, constituted a violation of PHRA.

38.	The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of the PHRA.

39.	As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, the Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.  The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant's unlawful actions, as aforesaid.

## PRAYER FOR RELIEF

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as fully set forth at length herein.

**WHEREFORE,** Plaintiff requests this Court to enter judgment in her favor and against Defendant, and order that:

(a) Defendant offer Plaintiff a position, with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had he not been subjected to unlawful discrimination;

(b) Defendant compensate Plaintiff with an award of front pay, if appropriate;

(c) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(d) Defendant pay Plaintiff Punitive and liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses as allowable;

(e) Defendant pay Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(f) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

           **LOVITZ LAW FIRM, P.C.**

By: _____
     KEVIN I. LOVITZ, ESQUIRE
     ID # 70184
     1650 Market Street, 36th Floor
     Philadelphia, PA 19103
     (215) 735-1996 Phone
     (215) 735-1515 Fax
     *Attorney for Plaintiff, Betty Sudler*